## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

| | | |
|---|---|---|
| John Barry Phillips,<br>　　　Debtor. | ) <br> ) <br> ) | CASE NO.　　23-10944 SDB SDB<br>CHAPTER　　13 |
| John Barry Phillips,,<br>　　　Plaintiff, | ) <br> ) <br> ) <br> ) | |
| vs. | ) <br> ) | ADVERSARY NO.<br>23- 01013 |
| Apollo Funding Company,<br>　　　Defendant. | ) <br> ) <br> ) <br> ) | |

## COMPLAINT – AMENDED

**COMES NOW**, John Barry Phillips, and files this Complaint against Defendant

for violations of 11 U.S.C. Section 362 and for Recovery of Money and/or Property

pursuant to Federal Rule of Bankruptcy Procedure 7001 and to determine the validity,

priority and extent of an alleged lien pursuant to Federal Rule of Bankruptcy Procedure

7001. The Plaintiff respectfully avers the following:

### JURISDICTION

1. That John Barry Phillips filed a petition for relief under Chapter 13 in the

United States Bankruptcy Court for the Southern District of Georgia, Augusta Division

on November 29, 2023.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11

U.S.C. § 105.

3. This Complaint involves the violation of 11 U.S.C. § 362 and the recovery of

money and/or property pursuant to Federal Rule of Bankruptcy Procedure 7001 as well

as the determination of the validity, priority and extent of an alleged lien pursuant to Federal Rule of Bankruptcy Procedure 7001 and is therefore a core proceeding.

4.      That Apollo Funding Company, hereinafter Defendant, was notified of the filing of said Chapter 13 petition on or about December 1, 2023 by the Clerk of Court with a Notice of Commencement of Debtor's bankruptcy proceeding.  Defendant is scheduled in Plaintiff's bankruptcy, and Defendant herein is subject to the jurisdiction of this Court.

5.      Defendant may be served with Summons, Notice of Conference and Complaint at Defendant's office upon their agent for service.

### VIOLATION OF THE AUTOMATIC STAY IMPOSED BY
### 11 U.S.C. § 362

6.      Plaintiff re-alleges and incorporates by reference each of the allegations of paragraphs one (1) through five (5).

7      On November 29, 2023, Defendant was served with Debtor's Chapter 13 plan as evidenced by docket 5 (Judicial Notice).

8.      On November 30, 2023, Defendant was served with Debtor's Motion for Release of Funds Held by Truckstop Factoring Company evidenced by docket 6. (Judicial Notice)

9.      On December 1, 2023, Debtor's attorney sent a facsmile to Defendant's attorney that copied him with the Notice of Commencement of Case, an email that was sent to Defendant on December 1, 2023 requesting release of the lien and a request to forward the email to their attorney for a response, the Notice of Expedited Hearing for release of funds to be held on December 11, 2023 with a copy of the Motion for Release of the Funds.  Debtor attaches a true and correct copy of the above transmission as Exhibit 1.

10.     A hearing was held on December 11, 2023 regarding the Motion for Release of Funds with Defendant making no appearance after Notice was served upon them.

11. Since the filing of Debtor's Chapter 13 case and after notice, Defendant has failed to release the UCC-1 Lien that was served upon the Truckstop Factoring Company in violation of 11 U.S.C. Section 362.

12. Despite the filing of the Chapter 13 case, the Notice of Commencement being sent to Defendant, the Chapter 13 plan being served upon Defendant and Exhibit 1 being sent to Defendant, Defendant has willfully, knowingly, and intentionally violated the provision of 11 U.S.C. § 362 by maintaining control of property of the estate.

13. The willful, knowing and intentional violation of the automatic stay resulted in the Plaintiff becoming upset and ill and incurring costs and expenses.

14. Plaintiff has lost weeks of the ability to haul loads due to the UCC-1 lien served upon Truckstop Factoring Company by Defendant and has lost approximately $20,000 in revenue to date.

15. Defendant has willfully, knowingly, and intentionally violated 11 U.S.C. § 362, and Plaintiff is entitled to actual damages in an amount to be proven at trial, general damages totaling $25,000.00, plus attorney's fees and costs, and punitive damages to deter like action in the future.

## TURNOVER OF FUNDS HELD BY TRUCKSTOP FACTORING COMPANY

16. Plaintiff re-alleges and incorporates paragraphs 1 through 15 above.

17. Defendant has placed a UCC-1 hold on funds being held by Truckstop Factoring Company and has failed to release said hold upon Notice of Plaintiff's bankruptcy filing.

18. Plaintiff contends that any and all funds being held by Truckstop Factoring Company (past, present and future) should be released immediately to Debtor pursuant to 11 U.S.C. Section 542.

19.    Defendant should immediately release any and all funds being held by Truckstop Factoring Company to be paid to Debtor, instanter.

20.    Any and all future payments should be released to Debtor by Truckstop Factoring Company without application of Defendant's asserted lien.

### VALIDITY, PRIORITY OR EXTENT OF LIEN

21.    Plaintiff re-alleges and incorporates paragraphs 1 through 20 above.

22.    Plaintiff avers that the Defendant's asserted UCC-1 is not perfected.

23.    Plaintiff avers that Defendant's asserted UCC-1 fails to adequately list future earnings of the Plaintiff as collateral and thus is unenforceable.

24.    Plaintiff avers that Defendant's financing agreement that is attached as Exhibit 1 is a loan with excessive interest in violation of state usury laws of Georgia and/or New York.

25.    Plaintiff avers that Defendant's loan agreement and UCC-1 are void as a matter of law.

**WHEREFORE**, Plaintiff prays that process issue requiring the Defendant to answer this Complaint as required by law and that judgment be had against the Defendant for actual damages to be proven at trial for violation of the automatic stay, for general damages in the amount of $25,000.00, for punitive damages for the intentional violation of 11 U.S.C. § 362, for costs and attorney's fees, for Judgment to release any and all funds past, present and future from the Truckstop Factoring Company pursuant to 11 U.S.C. Section 542, for a finding that Defendant's UCC-1 is not perfected and void as a matter of law, the loan agreement attached as Exhibit 1 with Defendant violates Georgia and/or New York usury laws, and for such other relief as this Court deems appropriate.

Respectfully submitted this 18th day of _December_, 2023.

Joseph E. Spires
Georgia Bar No. 672271
Attorney for Debtor/Plaintiff

Ward & Spires, L.L.C.
PO Box 1493
Augusta, GA 30903
(706) 724-2640
wardspires@aol.com